# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DYLAN TEE BOWERS**, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:07CV00302 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNITED STATES FEDERAL** ) | By: James P. Jones |
| **GOVERNMENT, ET AL.**, ) | Chief United States District Judge |
| ) | |
| Defendants. ) | |

*Dylan Tee Bowers, Plaintiff Pro Se.*

In this civil action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff Dylan Tee Bowers, a federal inmate at the United States Penitentiary Lee County ("USP Lee"), sues federal officials for failing to protect him against assault by another federal inmate during transport on March 23, 2007. The court filed his Complaint conditionally and granted Bowers an opportunity to amend the Complaint to particularize his claims and name proper defendants.[1] Bowers responded by filing an Amended Complaint, which I construe as incorporating by reference all allegations in the original Complaint.[2]

---

[1] The conditional filing order also required Bowers to consent to payment of the $350 filing fee through payments withheld from his inmate trust account, pursuant to 28 U.S.C.A. § 1915(b) (West 2006). He has done so.

[2] Bowers filed one claim of the initial Complaint and one claim of the Amended Complaint under seal. These claims concern an alleged coverup of the incident. Because I find herein that this incident did not violate Bowers' constitutionally protected rights, I also find that the alleged coverup of the incident does not state any constitutional claim. Moreover, the alleged coverup was not successful, as prison officials took photographs of Bowers's injuries and provided him with medical treatment. I will dismiss these claims pursuant to 28 U.S.C.A. § 1915A(b)(1) (West 2006), but will leave these filings under seal.

Upon review of the record, I find that Bowers has failed to allege facts stating any constitutional claim and that his action must be dismissed, pursuant to 28 U.S.C.A. § 1915A(b)(1).

I

Court records set the scene for Bowers's allegations. In January 2006, the grand jury of this court returned a five-count indictment charging Bowers and two USP Lee inmates with assaulting two other inmates, using their fists and boots. The case was set for a jury trial for all three defendants on March 22, 2007. On March 19, 2007, Bowers notified the court that he wished to plead guilty, pursuant to a written plea agreement, to Counts One and Five. He entered his guilty plea on March 22, 2007. His codefendants, Andrew Barnes and Rassie Lee Rector, proceeded to trial which concluded on March 23, 2007, when the jury found both Barnes and Rector guilty of several offenses.

On June 12, 2007, I conducted a sentencing hearing for Bowers and granted the government's motion to reduce his sentence based on his substantial assistance to law enforcement authorities. I sentenced Bowers to 37 months imprisonment on Counts One and Five, to be served concurrently, and dismissed the remaining counts. I also ordered Bowers and his codefendants jointly and severally to pay the Bureau of Prisons $14,540.12 in restitution for the medical care provided to the victims of the assaults.

Bowers alleges that on March 20, 2007, he told a security captain at USP Lee and other individuals that he did not want to ride to court for trial in the same vehicle as Barnes and Rector because he had agreed to testify against them. The captain told Bowers that he would report this request to the United States Marshals Service, the agency responsible for transporting the inmates to the federal courthouse for court proceedings. On March 22, 2007, two deputy marshals transported Bowers, Barnes, and Rector to the courthouse in the same vehicle. Bowers alleges that Barnes and Rector threatened and harassed him during the trip, until he finally lied and told them that he was not going to testify against them.

When the vehicle arrived at the courthouse, the deputy marshals put Bowers in a holding cell separate from Barnes and Rector. While in the holding cell, he told his court-appointed counsel, Don Williams, and an FBI agent, Tom Snapp, that he did not want to ride in the same vehicle with Barnes and Rector. Both of these individuals allegedly told Bowers that they would "check into this and see what they could do." After it was decided that Bowers would not testify on that day, however, both Williams and Snapp informed Bowers that he would have to ride with Barnes and Rector, because there were not enough vehicles to separately transport them. Williams and Snapp allegedly told Bowers to lie to the other inmates in order to avoid harassment, and Williams said that he would see what he could do about having Bowers ride in a separate vehicle the next day. During the transport back to the prison on March 22, 2007, Bowers again lied to Barnes and Rector.

The next day, March 23, 2007, two deputy marshals transported Bowers, Barnes and Rector to the courthouse in the same vehicle. Again, Bowers lied and told his codefendants that he would not testify against them. Once again placed in a separate holding cell at the courthouse, Bowers allegedly told Williams, Snapp, and Assistant United States Attorney Giorno that he did not want to ride back to the prison in the same vehicle with Barnes and Rector. Giorno and Snapp told Bowers that they would check with the deputy marshals, but that there might not be enough vehicles or staff for separate transport of the codefendants. Williams allegedly said that Bowers was not supposed to have ridden with the other inmates at all on the day of trial.

Bowers testified for the government on March 23, 2007. After the trial was over, two deputy marshals escorted Bowers to the transport vehicle. As he was climbing into it, Barnes kicked Bowers with both feet while wearing shackles on his ankles. Two prison officials standing with the deputy marshals and two prison inmates inside the vehicle witnessed Barnes's assault on Bowers. The deputy marshals pulled Bowers out of the vehicle after the assault, removed Barnes from the vehicle, and then put Bowers back into it, allegedly without giving him any medical attention. During the half-hour ride back to the prison, Barnes and Rector threatened and spat on Bowers several times.

As the vehicle pulled into the prison parking lot, medical staff were waiting to examine Bowers. Prison officials and nurses took pictures of Bowers's injuries, and

-4-

the nurses did a medical assessment.³ When the nurses were finished, officials escorted Bowers back to the prison. While removing his restraints, one of the deputy marshals allegedly asked Bowers if Barnes's kick had struck or hit him. Bowers nodded his head "yes."

Barnes allegedly struck Bowers across his face, forehead, neck and chin. Bowers hit his head against the top of the metal roof of the vehicle. The kicking caused a lot of "redness, bruising and soreness." Bowers also suffered a "swollen lump" on the top of his head with "a little skin breakage." The nurses gave Bowers some pain medication and kept him in the medical unit under observation. He had a severe headache for a couple of days with a stiff neck and soreness. Bowers also alleges that he suffered mental distress as a result of Barnes's assault. He has lost sleep over the incident and is "in a very paranoid state of fear." He states that his codefendants are members of a violent racial gang located on the streets and in federal prisons.

Bowers sues four unknown deputy marshals for failing to protect him from Barnes. He also sues Giorno, Snapp, and Williams for failing to go to some higher authority to protect him when the deputy marshals failed to arrange separate

---

³ Bowers submitted a copy of the Inmate Injury Assessment and Followup form, prepared on March 23, 2007, by medical officials at USP Lee. The form reports Bowers's description of the circumstances as follows: "I was stepping up on the van and Barnes kicked me and I hit my head on the top of the van." The form describes Bowers's injuries, verbatim: "red area on top of head [with] sm raised contusion, sm abrasion approximately 2 cm center of forehead above nose, also sm abrasion above lt eyebrow, sm red area noted rt side of neck." The form indicates a treatment plan of cold compresses to the area and Tylenol for pain every six hours as needed.

transportation for him. Bowers seeks $250,000 in monetary damages from each defendant and unspecified injunctive relief.

II

In a civil action filed by a prisoner against government officials, a district court must first evaluate the viability of plaintiff's claims. *See* 28 U.S.C.A. § 1915A(b)(1). Under § 1915A(b)(1), a district court may, sua sponte, dismiss a civil action for failure to state a claim if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005). In making this assessment, the court need not accept as true plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations." *Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996) (internal quotations and citations omitted).

In *Bivens*, the Supreme Court recognized that federal courts have authority under 28 U.S.C.A. § 1331 (West 2006) to award monetary damages to persons who prove deprivation of constitutional rights through the conduct of federal officials. 403 U.S. at 392; *see also Carlson v. Green*, 446 U.S. 14, 23 (1980) (applying *Bivens* in prison context). Under the Eighth Amendment's prohibition against cruel and unusual punishment, prison officials must "take reasonable measures to guarantee the

-6-

safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984). On the other hand, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Moore v. Winebrenner*, 927 F.2d 1312 (4th Cir.1991). In order to prove a constitutional claim that officials failed to protect him from assault by other inmates, a prisoner must show, first, that the harm he suffered was objectively serious, and second, that prison officials acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this context, an official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Unless a prison official actually makes this inference, he is not deliberately indifferent even if his actions violate prison regulations or can be described as stupid or lazy. *Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir.1997). Because

> prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment, it remains open to the officials to prove that they were unaware even of an obvious risk to inmate health or safety. . . . Prison officials charged with deliberate indifference might show, for example, . . . that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.

*Farmer,* 511 U.S. at 844.

Under these principles, I cannot find that the allegations of the Amended Complaint, taken in the light most favorable to Bowers, state an Eighth Amendment

-7-

claim of failure to protect. Certainly, the fact that Bowers testified against his codefendants created a substantial risk that they would seek to retaliate against him at some point, likely in a violent manner. I will also assume for purposes of this opinion that Bowers told each defendant that he did not want to ride with the codefendants because they had verbally threatened him. However, Bowers fails to allege facts capable of demonstrating that any of the defendants actually drew the inference that transporting the three inmates back to the prison in the same vehicle created a substantial risk that Barnes and Rector could seriously harm Bowers while in the vehicle.[4] The ride was brief, and all inmates were fully restrained.

Moreover, once Barnes kicked Bowers, the defendant officials acted promptly and reasonably in response to the risk that further harm would occur. They ordered Barnes to stop his attack, removed Bowers from the vehicle, removed Barnes, and then placed Bowers back in the vehicle. While he alleges that Barnes and Rector again threatened him verbally and spat on him during the drive back to the prison, he does not allege that he suffered any further physical injury.[5] Because Bowers thus

---

[4] *See Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir.1997) ("[T]he fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety."); *Prater v. Dahm*, 89 F.3d 538, 542 (8th Cir. 1996) (holding that although prison officials were aware that inmate had threatened to harm plaintiff and did not separate the two, Eighth Amendment failure to protect claim failed because officials acted reasonably in believing inmate's assurances that there would be no more trouble between him and plaintiff).

[5] Although Bowers complains that the defendant officials did not provide him with medical treatment at the courthouse, he fails to demonstrate that delaying medical treatment for half an hour (until his return to the prison) aggravated his injuries in any way. Thus, he fails to state any constitutional claim for deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

-8-

fails to demonstrate deliberate indifference by the defendants, his Eighth Amendment claim fails.

Furthermore, Bowers also fails to allege facts demonstrating that he suffered serious harm from Barnes's assault so as to fulfill the objective element of the *Farmer* standard. 511 U.S. at 834. His injuries required no stitches or bandages and consisted of a bump, scrapes and bruises, and a headache that dissipated within two days. While these harms no doubt caused Bowers discomfort, I cannot find any of these alleged injuries to be so objectively serious as to rise to constitutional proportions.[6] *See Norman v. Taylor*, 25 F.3d 1259, 1263-64 (4th Cir. 1994) (en banc) ("[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis."); *Germain v. Ruzicka,* No. 99-6979, 2000 WL 139255, at *3 (4th Cir. Feb. 8, 2000) (unpublished) (dismissing excessive force claim because resulting headache that dissipated within two weeks was de minimis injury); *Edison v. Hudson*, No. 96-6220, 1996 WL 426860, at *1 (4th Cir. July 31, 1996) (unpublished) (affirming dismissal of claim that prison officials failed to protect plaintiff from another inmate on grounds that injuries, if any, were de minimis and citing *Norman v. Taylor*).

Finally, Bowers alleges that the incident caused him to suffer emotion distress, and he now fears for his life. To prevail in a *Bivens* claim that dangerous prison conditions harmed him by causing mental distress, an inmate must demonstrate that

---

[6] *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977) ("There is, of course, a de minimis level of imposition with which the Constitution is not concerned."); see also *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979).

-9-

he suffered "significant mental distress" as a result of a danger that was totally without penological justification." *Shrader v. White*, 761 F.2d 975, 979 (4th Cir. 1985). Bowers has not demonstrated significant mental distress brought on by Barnes's kick. Bowers's ongoing fear of retaliation from Barnes and Rector and other gang members stems from his choice to testify against them in exchange for a lighter sentence; it is not the result of any danger created by the defendants in this civil action. I will dismiss Bowers's claims of psychological or mental harm, pursuant to § 1915A(b)(1).

### III

For the stated reasons, I find that Bowers has not alleged facts stating a constitutionally significant claim that the defendant officials failed to protect him against assault from another inmate. Because he thus fails to state a claim actionable under *Bivens*, I will summarily dismiss his action pursuant to § 1915A(b)(1).

A separate Final Order will be entered herewith.

ENTER: July 26, 2007

/s/ JAMES P. JONES
Chief United States District Judge